IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **CHARLES RAY NOBLE** § | |
| § | |
| **V.** § | No. 5:11CV181 |
| § | |
| **LEAR SIEGLER SERVICES, INC.,** § | |
| **ET AL.** § | |

## MEMORANDUM ORDER
## ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Charles Ray Noble ("Plaintiff"), proceeding pro se, filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

### BACKGROUND

Plaintiff, an African-American male, asserts a single cause of action for employment discrimination pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.* against Lear Siegler Services, Inc. (now known as URS Federal Support Services, Inc.) ("Defendant" or "URS"). Plaintiff alleges Defendant discriminated against him based on his race and that he suffered retaliation by Defendant after he filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Compl., ¶ 8.

Defendant moved for summary judgment, asserting Plaintiff's retaliation claim fails because Plaintiff cannot demonstrate any nexus between the filing of his EEOC charge and his termination.

According to Defendant, Plaintiff was one of over 40 URS employees at Red River Army Depot ("RRAD") who were laid off on April 1, 2010, in connection with a directed reduction in work force. Defendant asserts RRAD ordered URS to reduce its work force prior to the date that Plaintiff filed his EEOC charge. As such, Defendant contends Plaintiff was not singled out for termination by Defendant in retaliation for filing his EEOC charge, and he was treated consistently with all similarly situated employees. Further, because Plaintiff's termination was based on legitimate business reasons rather than discriminatory intent, Defendant asserts it is entitled to summary judgment on Plaintiff's race discrimination claim.

## PLAINTIFF'S OBJECTIONS

On May 1, 2013, the Magistrate Judge issued a Report and Recommendation recommending Defendant's motion for summary judgment be granted and Plaintiff's cause of action be dismissed with prejudice. The Magistrate Judge first found that while Plaintiff may have established the first three elements for a *prima facie* case, he had not shown another similarly situated employee was treated more favorably than he was. (Dkt. No. 36 at pgs. 13-14). Nor had Plaintiff shown Defendant gave preferential treatment to another employee under "nearly identical circumstances." *Id*. at pg. 14. The Magistrate Judge noted Plaintiff had offered no evidence to enable the Court to compare his qualifications to those of his co-workers.

Even though the Magistrate Judge's analysis could have stopped with Plaintiff's failure to establish a *prima facie* case, the Court assumed Plaintiff had established a *prima facie* case of discrimination and found Defendant had set forth a legitimate, nondiscriminatory reason for laying off Plaintiff (Defendant complied with a directed reduction in force in Plaintiff's assigned cost center at RRAD). Considering all of the evidence in the light most favorable to Plaintiff, and further

considering Plaintiff's deemed admissions, the Magistrate Judge was not convinced Defendant's legitimate, nondiscriminatory reason for its action was pretextual. *Id.* at pg. 17. For similar reasons, the Magistrate Judge also recommended Plaintiff's retaliation claim be dismissed.

In his 38-page objections to the Report and Recommendation, Plaintiff does not refer to the Report and Recommendation in any meaningful way. Plaintiff does not cite any legal authority. Plaintiff does not address the impact of his deemed admissions. Plaintiff does not assert the Magistrate Judge misapplied the relevant law nor does he assert the Report and Recommendation contains an inaccurate presentation of the facts. Instead, Plaintiff repeats and expounds on the same factual allegations and arguments he presented in opposition to Defendant's motion for summary judgment.

Plaintiff generally asserts he has plead facts sufficient to support his cause of action. According to Plaintiff, he will support those facts with sixteen named witnesses at trial. Objections at pg. 8. As he argued before the Magistrate Judge, Plaintiff states there are at least three "similarly situated" white men (two with less seniority than Plaintiff) who are still employed by Defendant. Plaintiff relies on the written statement of RRAD Supervisor Mr. Bayless, asserting that Mr. Bayless stated "in his [Bayless'] own words" that Plaintiff's concern was that Mr. Bayless treated Plaintiff differently from other white URS employees who are similarly situated. *Id.* at pg. 21. Plaintiff also attempts to connect his layoff with his refusal to sign a written reprimand. According to Plaintiff, Defendant's site manager knowingly kept Plaintiff in a "hostile environment" as retaliation for Plaintiff's allegation of discrimination and/or refusal to sign the written reprimand. Plaintiff further alleges he remained assigned to Cost Center 52 because the site manager knew the work site was overstaffed and Plaintiff would be terminated in the downsizing. *Id*. at pgs. 26-27.

## *DE NOVO* REVIEW

The Court, having reviewed the relevant briefing, the Report and Recommendation, Plaintiff's objections, and Defendant's response to the objections, is of the opinion the findings and conclusions of the Magistrate Judge are correct. In her 20-page Report and Recommendation, the Magistrate Judge considered every exhibit proffered by Plaintiff despite Defendant's objections to the evidence. Even considering all of Plaintiff's proffered evidence, the Magistrate Judge correctly found Plaintiff failed to establish a *prima facie* case of discrimination or retaliation. Plaintiff also failed to meet his burden of showing Defendant's legitimate nondiscriminatory/nonretaliatory reason for laying off Plaintiff was pretextual in nature. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. No. 26) is **GRANTED**. It is further

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE**.

**SIGNED** this 23rd day of May, 2013.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE